**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OKSANA FILATOVA | : | |
| 609 Eidson Avenue, Unit B | : | |
| Philadelphia, PA 19116 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. _____ |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER BORROMEO, *individually*: | | **JURY TRIAL DEMANDED** |
| 627 Park Way | : | |
| Broomall, PA 19008 | : | |
| and | : | |
| DIANE BORROMEO, *individually* | : | |
| 627 Park Way | : | |
| Broomall, PA 19008 | : | |
| and | : | |
| ALICIA BORROMEO, *individually* | : | |
| 627 Park Way | : | |
| Broomall, PA 19008 | : | |
| and | : | |
| LOGO DEPOT, INC., d/b/a LOGOWEAR | : | |
| HOUSE | : | |
| 627 Park Way | : | |
| Broomall, PA 19008 | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

**I. INTRODUCTION**

1.     This action has been initiated by Oksana Filatova (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq*.) and applicable state law(s).  Plaintiff asserts herein that she was not paid overtime compensation properly (while employed) and was then terminated from her

employment for expressing concerns and/or complaints about such unlawful conduct. As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Logo Depot, Inc., d/b/a Logowear House (hereinafter, "Defendant Depot" where referred to individually) is a Pennsylvania entity headquartered at the above-captioned address providing specialized custom apparel, screen printing, embroidery, and graphic design services.

2

8.    Christopher Borromeo ("Defendant Christopher" where referred to individually) is identified as the "President" of Defendant Depot in its corporate filing(s). Diane Borromeo ("Defendant Diane") is identified as the "Vice President" of Defendant Depot in its corporate filings. Such filings are publicly available through a Pennsylvania Department of State records search.

9.    Alicia Borromeo (Defendant Alicia" where referred to individually) is the highest-level Operations Manager overseeing employees and departments within Defendant Depot. Defendants Christopher, Diane, and Alica may hereinafter be jointly referred to as the "Individual Defendants."

10.    The Individual Defendants are family members and the highest-level executive leadership and/or owners of Defendant overseeing payroll, overtime compensation, terminations, and all decision-making about or concerning the employees of Defendants (as they operate within under 25 employees total). They are responsible for any unpaid overtime and orchestration of Plaintiff's termination from employment (for retaliatory reasons) rendering them individually liable as to their own personal assets.[1]

11.    At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.  FACTUAL BACKGROUND

12.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[1] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over wages or employee compensation (or involved in terminations for protected activities) are appropriate <u>individual</u> defendants under the FLSA and may be held individually liable for such violations). The regulations under state law are the same (as asserted herein).

13. Plaintiff was employed by Defendant Depot for approximately 6.5 months, from on or about January 13, 2025, through on or about July 28, 2025 (her termination date).

14. Defendant Depot operates upon information and belief with less than 25 total employees, but through two (2) separate locations: (1) 627 Park Way, Broomall, PA 19008; and (2) 829 Conestoga Road, Bryn Mawr, PA 19010. As aforesaid, the enterprise as a whole offers an array of services such as screen printing, custom apparel, graphic design, and embroidery.

15. Plaintiff was hired for and worked in a full-time capacity, functioning as an Embroidery Machine Operator.

16. ***In addition to*** the Individual Defendants, Plaintiff worked under other supervisory staff including but not limited to: (1) Tom Simms ("Simms" – Embroidery Manager); and (2) Liam Herron ("Herron" – Sales Management).

17. Plaintiff was exclusively paid as an hourly-paid employee earning $25.00 per hour during her tenure. As such, Defendants acknowledged that Plaintiff was entitled to overtime compensation. Plaintiff's overtime rate was $37.50 per hour.

18. Plaintiff had always performed in an exemplary manner, did her job very well, and she was never once issued any discipline or performance improvement plans for misconduct or performance.

19. Plaintiff was paid by Defendants weekly, but by early June of 2025 she noticed on a weekly basis she was being shorted (or not paid) for certain hours of overtime ***nearly every single pay period*** from then through termination.

20. Plaintiff provides below a single-week illustration of a comparison of Plaintiff's time records to her actual payroll:

**Actual Time Records [Pay Period 7/6/25 – 7/12/25]**

## Pay Code Summary

| | |
|---|---|
| Regular | 40:00 HRS |
| Overtime | 4:19 HRS |

## Weekly Summary

**Week 1**
07/06/2025 - 07/12/2025                                         44:19 HRS

| DATE | TIME | DETAILS |
|---|---|---|
| 07/06/2025 | | |
| 07/07/2025 | 07:03 AM - 03:31 PM | |
| 07/08/2025 | 07:06 AM - 03:32 PM | |
| 07/09/2025 | 07:03 AM - 05:33 PM | |
| 07/10/2025 | 07:04 AM - 03:30 PM | |
| 07/11/2025 | 07:04 AM - 03:33 PM | Weekly Overtime (4:19 HRS) |

**Excerpt of Plaintiff's Paystub [Pay Period 7/6/25 – 7/12/25]**

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 25.0000 | 40.00 | 1000.00 | 24200.00 |
| Overtime | 37.5000 | 2.30 | 86.25 | 1919.26 |
| Personal | | | 0.00 | 800.00 |
| Gross Pay | | | $1,086.25 | $26,919.26 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -87.24 | 2171.39 |
| Social Security | -67.34 | 1668.99 |
| Medicare | -15.75 | 390.33 |
| Pennsylvania State Income | -33.35 | 826.45 |
| Pennsylvania State UI | -0.76 | 18.84 |
| Phila R Local Income | -40.63 | 1009.19 |
| Radnor T Local Income | 0.00 | 0.00 |
| Marple Twp Local Services | -1.00 | 25.00 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| *ADP RS employee | -32.58 | 657.53 |
| Net Pay | $807.60 | |

5

21. In the above illustration, Plaintiff is paid for 2.3 hours of overtime **instead of** 4.19 hours of overtime she actually worked in the one-week pay period (during the second week of July 2025).

22. As aforesaid, this was not a single week issue (or a proverbial one off). Since early June of 2025, Plaintiff was shorted overtime pay in at least five (5) separate weeks preceding her termination from employment.

23. On or about June 30, 2025 (after enduring numerous overtime skimming for several weeks), Plaintiff met with Defendant Christopher (President). During this in-person meeting, Plaintiff complained that she was not receiving all overtime pay she earned each week and she asked for an explanation why her overtime pay is continually being reduced each week she works (despite having actually worked the overtime). Defendant Christopher was dismissive and vague - - asserting he would look into Plaintiff's concerns.

24. But because Plaintiff kept having her overtime docked (even post meeting with Defendant Christopher) throughout July 2025 in each weekly pay period, Plaintiff sent an email complaining of overtime non-payments and titled her email "Formal Request for Overtime Pay Adjustment." This email is more specifically addressed in the next paragraph.

25. On or about July 27, 2026 (one (1) day before her termination), Plaintiff emailed Defendant Christopher (President) complaining of overtime violations. Her complaint was via email (and thus in writing). Her email (wherein she cited the FLSA itself as being violated) was as follows:

6

Good evening, Chris.

I hope you are doing well.

I'm writing to kindly request clarification regarding some concerns I have with my recent paychecks. After reviewing my timesheets and pay statements, I've noticed that:

1. Certain hours worked beyond 40 in a workweek appear not to have been compensated at the overtime rate of 1.5 times my regular hourly rate.

2. There may have been payroll deductions for meal breaks or other items that I do not fully understand.

As far as I know, under the **Fair Labor Standards Act (FLSA)** and the **Pennsylvania Minimum Wage Act (PMWA)**, non-exempt employees must receive overtime pay for any hours worked over 40 in a week at a rate of 1.5× the regular hourly rate. Additionally, short rest breaks under 20 minutes must be paid, and deductions from wages are generally not allowed if they cut into earned overtime.

If any deductions have been made (e.g., for lunch periods), I would appreciate clarification regarding the basis for them — particularly if the break was unpaid while I was still performing work duties.

I understand that payroll matters can be complex, and I trust this may simply be a misunderstanding. I kindly ask if you could review my recent hours and payments, and let me know if any corrections are needed.

07/13/2025 - 07/19/2025 regular 40:00 hrs + overtime 6:01 hrs (paid overtime 4:00 hrs)

07/06/2025 - 07/12/2025 regular 40:00 hrs + overtime 4:19 hrs  (paid overtime 2:30)

06/22/2025 - 06/28/2025 regular 40:00 hrs + overtime 2:30 hrs  (paid overtime 1:83)

06/15/2025 - 06/21/2025 regular 40:00hrs + overtime 5:31 hrs (paid overtime 3:75)

06/08/2025 - 06/14/2025 regular 40:00 hrs + overtime 6:31 hrs (paid overtime 4:30)

All this information from ADP.

| Work Week | Actual OT Worked | OT Paid | OT Unpaid |
| --- | --- | --- | --- |
| July 13–19, 2025 | 6 hr 01 min | 4 hr | **2 hr 01 min** |
| July 6–12, 2025 | 4 hr 19 min | 2 hr 30 min | **1 hr 49 min** |
| June 22–28, 2025 | 2 hr 30 min | 1 hr 50 min | **0 hr 40 min** |
| June 15–21, 2025 | 5 hr 31 min | 3 hr 45 min | **1 hr 46 min** |
| June 8–14, 2025 | 6 hr 31 min | 4 hr 30 min | **2 hr 01 min** |

26.    On July 28, 2025, Plaintiff was informed she was terminated from her employment. She was terminated in close temporal proximity to her June 30th complaints (of unpaid overtime) and within less than 24 hours of making "formal" FLSA unpaid-overtime complaints on July 27, 2025.

7

27.     Plaintiff was offered no meaningful basis or explanation for her termination from employment, **and then** she was sent a separate check on or about July 30, 2026 (two (2) days post-termination), with the memo on said check reading: "10 hours overtime plus regular pay 8 hours 7/28."

28.     Any oral, written, informal, or formal complaints to management are statutorily protected activities prohibiting adverse action on account of such expressed concerns. *See e.g. Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011) (any informal or oral concerns or complaints to management of overtime pay are statutorily protected under the FLSA).

29.     Plaintiff had been abruptly terminated because of her aforesaid statutorily protected activities (of overtime concerns) and then she was promptly sent a check for unpaid overtime for which she was complaining about. Defendants' actions constitute clear unlawful retaliation in violation of the FLSA.

30.     As aforesaid, all decision making about the unlawful pay and unlawful (retaliatory) termination were made jointly by Individual Defendants who are individually liable as to their own personal assets for all of Plaintiff's unpaid overtime, emotional distress, past and future lost wages, and other statutory damages (including but not limited to legal fees, liquidated or punitive damages, and costs).[2]

---

[2] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over wages or employee compensation (or involved in terminations for protected activities) are appropriate <u>individual</u> defendants under the FLSA and may be held individually liable for such violations). The regulations under state law are the same (as asserted herein).

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Wrongful Discharge)**
**- Against All Defendants -**

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.     Plaintiff was terminated by Defendants for expressing concerns of unpaid overtime compensation and unlawful deductions (in violation of the FLSA).

33.     Plaintiff's discharge from Defendants for engaging in protected activity under the FLSA constitutes unlawful retaliation under the FLSA. *See supra; see also Lambert v. Ackerley,* 180 F.3d 997, 1003-05 (9th Cir.1999)(*en banc*); *Valerio v. Putnam Assocs. Inc.,* 173 F.3d 35, 44-45 (1st Cir.1999); *EEOC v. Romeo Comty. Sch.,* 976 F.2d 985, 989-90 (6th Cir.1992); *EEOC v. White & Son Enters.,* 881 F.2d 1006, 1011 (11th Cir.1989); *Brock v. Richardson,* 812 F.2d 121, 123-25 (3d Cir.1987); *Love v. RE/MAX of Am., Inc.,* 738 F.2d 383, 387 (10th Cir.1984); *Brennan v. Maxey's Yamaha, Inc.,* 513 F.2d 179, 181 (8th Cir.1975).

**Count II**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

34.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35.     Defendants did not pay Plaintiff at a rate of time and one half for hours she worked beyond 40 hours per week.[3]

---

[3] Plaintiff's primary claim in this lawsuit is her wrongful termination from employment for retaliatory reasons. She is unclear if Defendants shorted her overtime pay before she noticed in or about the June 2025 timeframe. But based upon its pattern of conduct, she suspects it was feasible. Moreover, Plaintiff is entitled to statutory penalties for non-payment timely (even if ultimately it is concluded post-separation Plaintiff was compensated for skimmed overtime pay).

36. Liquidated damages should "automatically" be awarded doubling Plaintiff's unpaid overtime compensation.

37. Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid overtime compensation, as well as penalties and interest.

**Count III**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Defendants' failure to pay overtime in the aforesaid manner(s) also constitutes a violation of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting overtime violations and retaliation;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

10

E.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F.     Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.     Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: August 7, 2026

11

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Oksana Filatova | : | CIVIL ACTION |
| v. | : | |
| Christopher Borromeo, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x )

| | | |
|---|---|---|
| 8/7/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                      Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same    Yes ☐
    individual?

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?       Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

☐  1.   Indemnity Contract, Marine Contract, and All Other Contracts)
☐  2.   FELA
☐  3.   Jones Act-Personal Injury
☐  4.   Antitrust
☐  5.   Wage and Hour Class Action/Collective Action
☐  6.   Patent
☐  7.   Copyright/Trademark
☐  8.   Employment
☒  9.   Labor-Management Relations
☐  10.  Civil Rights
☐  11.  Habeas Corpus
☐  12.  Securities Cases
☐  13.  Social Security Review Cases
☐  14.  Qui Tam Cases
☐  15.  Cases Seeking Systemic Relief  ***see certification below***
☐  16.  All Other Federal Question Cases. *(Please specify)*:_____

**B.  *Diversity Jurisdiction Cases:***

☐  1.   Insurance Contract and Other Contracts
☐  2.   Airplane Personal Injury
☐  3.   Assault, Defamation
☐  4.   Marine Personal Injury
☐  5.   Motor Vehicle Personal Injury
☐  6.   Other Personal Injury *(Please specify)*:_____
☐  7.   Products Liability
☐  8.   All Other Diversity Cases:  *(Please specify)*_____
         _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| FILATOVA, OKSANA | BORROMEO, CHRISTOPHER, ET AL. |

**(b)**  County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent – Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>[x] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII.  REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   8/7/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____